**INTERN: Sarah Riccardi**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ELLEN DIMURO, et al., | : |
|   Plaintiffs, | : |
| | : |
|     v. | : Civil No. 3:12CV01789(AVC) |
| | : |
| THE ESTEE LAUDER COMPANIES, | : |
| INC., CLINIQUE LABORATORIES, | : |
| LLC, | : |
|   Defendants. | : |

**RULING ON THE DEFENDANTS' MOTION TO DISMISS**

This is an action for damages, restitution, and injunctive relief in connection with the advertisement of "de-aging" products.  It is brought pursuant to the Connecticut Unfair Trade Practices Act ("CUTPA"),[1] the New Jersey Consumer Fraud Act ("NJCFA"),[2] the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"),[3] various other consumer fraud state laws, as well as common law tenets concerning breach of express warranty, breach of implied warranty, and unjust enrichment.

The defendants have filed the within motion to dismiss all counts (one through seven), pursuant to Rules 9(b), 12(b)(6), and 12(f) of the Federal Rules of Civil Procedure, on the grounds that they fail to state a claim upon which relief may be granted.

---

[1] Conn. Gen. Stat. §§ 42-110a to -110b.
[2] N.J.S.A. § 56:8-2.
[3] 815 ILCS 505/1; 815 ILCS 510/1.

The issues are: 1) whether the plaintiffs lack standing; 2) whether the complaint adequately alleges that Clinique's advertisements constitute fraud; 3) whether the complaint adequately alleges that there was a breach of an express warranty; 4) whether the complaint adequately alleges that there was a breach of an implied warranty; 5) whether the complaint adequately alleges that there is a plausible basis for an unjust enrichment claim; and 6) whether the motion should be dismissed with prejudice.

The court concludes that: 1) the plaintiffs lack standing only with respect to the four products not purchased by the named plaintiffs; 2) the complaint does not provide sufficient particularity with respect to the state consumer protection/fraud claims; 3) the complaint does not provide sufficient particularity with respect to the breach of express warranty claim; 4) the complaint does not provide sufficient particularity with respect to the breach of implied warranty claim; 5) the complaint does not provide a plausible basis for an unjust enrichment claim; and 6) the motion to dismiss should be granted with prejudice.

For the reasons that hereinafter follow, the motion to dismiss is GRANTED with respect to counts one through seven of the complaint.

2

**FACTS**

The complaint alleges that:

The defendants, The Estee Lauder Companies Inc. and Clinique Laboratories, LLC (collectively, "Clinique"), produce, distribute, market, and sell a line of Clinique-branded "de-aging" wrinkle creams (collectively, "Repairwear Products"). Clinique promotes these products as having the ability to "de-age" consumers' skin by blocking and mending lines and wrinkles, rebuilding stores and boosting the production of natural collagen, strengthening and creating firmer skin, and repairing and preventing lines and wrinkles, among other things.  The specific Repairwear Products at issue here are Zero Gravity Repairwear Lift Firming Cream, Repairwear Laser Focus Wrinkle & UV Wrinkle Damage Corrector, Repairwear Uplifting Firming Cream, Repairwear Uplifting Firming Cream Broad Spectrum SPF 15, Repairwear Intensive Night Cream, Repairwear Intensive Eye Cream, and Repairwear Laser Focus Wrinkle Correcting Eye Cream. These products have considerably different ingredient compositions.[4]

The plaintiffs, Ellen DiMuro, Margaret Ohayon, and Dana Stein, as well as the other members of the proposed nationwide class and subclasses were exposed to the Repairwear Products

---

[4] See Reply Mem. Supp. Def.'s Mot. Dismiss, app. A and B.

promotions via print advertisements, the Clinique website, other
media, and at the point of sale.

On or about November or December 2010, DiMuro, a
Connecticut resident, purchased the Repairwear Intensive Night
Cream from a Macy's department store as well as on the Clinique
website.  On or about November 2011, Stein, an Illinois
resident, purchased the Repairwear Intensive Eye Cream from a
Macy's department store.  Over the course of the past two years,
Ohayon, a New Jersey resident, purchased the Repairwear Laser
Focus Wrinkle & UV Wrinkle Damage Corrector from a
Bloomingdale's department store.

According to the plaintiffs, the Repairwear Products do not
and cannot provide the results promised.  Clinique disputes this
fact.

**STANDARD**

A court must grant a motion to dismiss pursuant to Fed. R.
Civ. P. 12(b)(6) if a plaintiff fails to establish a claim upon
which relief may be granted.  Such a motion "asses(es) the legal
feasibility of the complaint, [it does] not assay the weight of
the evidence which might be offered in support thereof." Ryder
Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,
748 F.2d 774, 779 (2d. Cir. 1984).  When ruling on a 12(b)(6)
motion, the court must "accept the facts alleged in the
complaint as true, and draw all reasonable inferences in favor

4

of the plaintiff." Broder v. Cablevision Sys. Corp., 418 F.3d
187, 196 (2d Cir. 2005).  The court may consider only those
facts "stated on the face of the complaint, in documents by
reference, and to matters of which judicial notice may be
taken." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d
Cir. 1991).  In order to survive a motion to dismiss, the
complaint must allege "enough facts to state a claim to relief
that is plausible on its face." Bell Atlantic Corp. v. Twombly,
127 S. Ct. 1955, 1974 (2007).

## DISCUSSION

### I.   Standing

Clinique first argues that: the "[p]laintiffs did not . . .
purchase" four of the products at issue in the complaint, "and
thus do not plead facts capable of establishing that they
suffered any injury in fact from advertising statements
promoting those products."  Specifically, "the specific claims
identified and the nature of each product makes clear that the
scientific and clinical evidence related to each product would
be considerably different."

The plaintiffs respond that: "class standing for all of the
Repairwear Products" is supported by "examples of advertisements
containing the efficacy claims that [the] [p]laintiffs saw."
Specifically, they argue that: the "[d]efendants make false and
misleading 'de-aging' efficacy claims for all of the Repairwear

Products," "support these uniform false and misleading 'de-aging' efficacy claims in a substantially similar manner," and "broadcast those claims to a national audience."

The plaintiffs alternatively argue that: "if the standing issue in question arises solely because of class certification, then the class certification issue should be decided first." Specifically, "the standing question" should be "determined with respect to the class as a whole, not just with respect to the named plaintiffs."

Clinique responds that: "the standing issue" should not be deferred "until the time class certification is decided." Specifically, it argues that: the "[p]laintiffs here have not shown on the face of the Amended Complaint that 'the same set of concerns' applies to the products they did not purchase."

The court concludes that the plaintiffs lack standing with respect to the four products they did not purchase.

In order to demonstrate Article III standing, a plaintiff must allege (1) an "injury in fact," (2) "a causal connection between the injury and the conduct complained of," and (3) it must be likely that the injury will be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). See Warth v. Seldin, 422 U.S. 490, 502 (1975) (holding that plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered

by other, unidentified members of the class to which they belong

and which they purport to represent); Pearson v. Target Corp.,

No. 11 CV 7972, 2012 WL 7761986, at *1 (N.D. Ill. Nov. 9, 2012)

(holding that a plaintiff can not withstand an injury by

representations made on a product that he did not purchase);

Lieberson v. Johnson & Johnson Consumer Cos., 865 F. Supp. 2d

529, 537 (D.N.J. 2011) (holding that a plaintiff "cannot

establish standing to pursue a claim that products she neither

purchased nor used did not work as advertised.")

    For example, in NECA-IBEW Health & Welfare Fund v. Goldman

Sachs & Co., 693 F.3d 145, 162 (2d Cir. 2012), the second

circuit held "that in a putative class action, a plaintiff has

class standing if he plausibly alleges (1) that he 'personally

has suffered some actual . . . injury as a result of the

putatively illegal conduct of the defendant,' and (2) that such

conduct implicates 'the same set of concerns' as the conduct

alleged to have caused injury to other members of the putative

class by the same defendants."  The court further noted that "in

the context of claims alleging injury based on

misrepresentations . . . [w]hether that conduct implicates the

same set of concerns for distinct sets of plaintiffs . . . will

depend on the nature and content of the specific

misrepresentation alleged."  Id.

In this case, the nature and content of the alleged

misrepresentations concern the efficacy of products with

considerably different formulations.  Therefore, the named

plaintiffs cannot allege injuries that resulted from the four

products that were not purchased nor used by them.  Because the

court concludes that the alleged misrepresentations of the four

Repairwear Products not purchased by the named plaintiffs do not

implicate the same set of concerns as those that were purchased,

Clinique's motion to dismiss with respect to the Zero Gravity

Repairwear Lift Firming Cream, the Repairwear Uplifting Firming

Cream, the Repairwear Uplifting Firming Cream Broad Spectrum SPF

15, and the Repairwear Laser Focus Wrinkle Correcting Eye Cream

is GRANTED.

## II.   State Consumer Protection/Fraud Statutes

### a. Particularity

Clinique next argues that: the "[p]laintiffs' allegations

sound in fraud," and therefore, they "must satisfy the

heightened pleading standards of Rule 9(b) for all of their

state consumer protection/fraud claims."  Specifically, it

argues that: the complaint fails to state whether the plaintiffs

actually used the products and if so, whether the results they

obtained were not satisfactory.  Clinique further argues that:

the plaintiffs "offer no evidence whatsoever as to why any of

the dozens of claims they challenge . . . are false."

The plaintiffs respond that: "Rule 9(b)'s heightened pleading standard . . . only applies to allegations setting forth the 'circumstances constituting fraud.'"  Specifically, they argue that: "allegations as to their own conduct, which does not constitute fraud, are subject only to Rule 8(a)'s pleading standard."

In the alternative, the plaintiffs argue that: the plaintiffs' "purchase and use allegations more than satisfy . . . [Rule 9b's] heightened pleading standard."  Specifically they argue that: "in addition to setting forth the specific misrepresentations and omissions [Clinique] made with respect to the products in question . . . each [p]laintiff identified the product(s) she purchased, why she purchased the product(s), the location(s) from which she purchased the product(s), the approximate date(s) on which she purchased the product(s), the purchase price(s), and the nature of the [p]laintiff's use of the product(s)."  The plaintiffs state that Clinique's "marketing statements for its Repairwear Products are false and misleading because they use pseudo-scientific language that promises 'repair,' and that, if true, would render the products drugs, subject to regulation, rather than cosmetics."

The court concludes that the Rule 9(b) pleading standard applies to these allegations, and the complaint fails to satisfy

9

this heightened pleading standard with respect to counts one through four.

To satisfy the Rule 9(b)[5] pleading standard a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993).  See Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004)(recognizing that "[t]he particularity requirement of Rule 9(b) serves to provide a defendant with fair notice of a plaintiff's claim . . . ."); Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996)(holding that "[t]his requirement is intended to . . . prevent the filing of suits that simply hope to uncover relevant information during discovery.").

In Segal v. Gordon, 467 F.2d 602, 608 (2d Cir. 1972), the court concluded that even when rule 9(b) "is relaxed as to matters peculiarly within the adverse parties' knowledge, the allegations must then be accompanied by a statement of the facts upon which the belief is founded."  In this case, the plaintiffs have provided little information as to why Clinique's statements were fraudulent.  Rather, the complaint merely states that the Repairwear Products "do not and cannot live up to [Clinique's]

---

[5] Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

10

efficacy claims."   Because the court concludes that the
complaint's conclusory allegations do not meet the heightened
pleading standard of Rule 9(b), the motion to dismiss with
respect to counts one through four is GRANTED.[6]

### III.   **Express Warranty**

#### a. Plausibility Of Breach

Clinique further argues that: the complaint fails "to
plausibly claim that the alleged warranty was breached, or that
such breach caused [the plaintiffs'] injury."   Specifically, it
argues that: the complaint fails to address whether or not "any
Plaintiff actually use[d] a Repairwear product as directed" and
whether or not "the product fail[ed] to deliver the results that
a Plaintiff alleges she believes was promised, based on a
specific statement made by the advertiser[.]"

The plaintiffs respond that: "through information [the
plaintiffs] believe will be revealed in discovery" they intend
to prove that "Estee's advertising and marketing for the
Repairwear Products . . . contains efficacy promises that the
products simply cannot and do not deliver."

The court concludes that the complaint does not provide a
plausible basis for a breach of express warranty.

---

[6] Because the court grants the motion to dismiss counts one
through four on the grounds of insufficient particularity, the
court does not reach the issues of puffery, omissions, and
specificity with respect to the state consumer protection/fraud
claims.

The breach of express warranty claim is based on the same underlying conduct that is the basis for the state consumer protection/fraud claims.  Essentially, Clinique's alleged false promises formed the basis of an express warranty, and because they were false, the warranty was breached.  Insofar as the fraudulent conduct forms the basis for the express warranty claim, the Rule (9)(b) heightened pleading standard applies.

Because the court previously concluded that the complaint did not satisfy the Rule 9(b) pleading standard, the court concludes that the complaint does not adequately provide a plausible basis for a breach of express warranty, and thus, the motion to dismiss count five is GRANTED.[7]

## IV.  Implied Warranty

### a. Ordinary Purpose

Clinique next argues that: "with respect to all three Plaintiffs' claims as to the implied warranty of fitness for the products' ordinary purpose, [the complaint does] not adequately alleged that the Clinique products did not meet 'a minimum level of quality.'"  Specifically, it argues that: the plaintiffs "provide no plausible factual basis" for the contentions that

---

[7] Because the court grants the motion to dismiss count five on the grounds of insufficient particularity, the court does not reach the questions of privity, notice, or specificity of language with respect to the express warranty claim.

"the products 'do not, and cannot, provide' the advertised

results."

The plaintiffs respond that: "[t]he Repairwear Products

fail in fulfilling their ordinary purpose," which is "to provide

a 'de-aging' benefit."  Specifically, they argue that: "the

Repairwear Products are not merchantable because they failed,

and continue to fail, to provide the promised de-aging

benefits."

Clinique also argues that: since "at least two of the

[p]laintiffs were repeat purchasers . . . the only factual

evidence on the issue strongly suggests that the products had at

least some positive value as cosmetics."

The plaintiffs respond that: "continued use of a good is

not absolute proof that the good is merchantable (particularly

at the motion to dismiss stage)."

The court concludes that the complaint does not adequately

plead a claim for breach of implied warranty of merchantability.

As with the express warranty claim, Clinique's alleged

fraudulent conduct forms the basis for the breach of implied

warranty claim.  Clinique's purportedly false advertisements

propose that the Repairwear Products' purpose is "de-aging," and

the breach of implied warranty of merchantability claim alleges

that the Repairwear Products did not fulfill that fraudulently

13

advertised purpose.  Therefore, the Rule 9(b) heightened

pleading standard applies to this claim as well.

Because the court previously concluded that the complaint

did not satisfy the Rule 9(b) pleading standard, the motion to

dismiss count six is GRANTED.[8]

### V.    Unjust Enrichment

#### a. Particularity

Clinique next argues that: "for the same reasons that the

claims asserted under the consumer protection/fraud statutes

fail to meet the pleading standards set forth by Twombly and

Rule 9(b), so too does the unjust enrichment claim."

Specifically, it argues that: "the unjust enrichment claim must

fail" because the plaintiffs did not "identify the advertising

statements which they actually saw and were influenced by, and

provide a plausible basis as to why any of those statements are

false."

The plaintiffs respond that: "unjust enrichment is a

flexible equitable doctrine," which is subject to the "Rule 8(a)

notice pleading standard."  Specifically, the plaintiffs argue

that: they "have sufficiently pleaded the elements of their

---

[8] Because the court grants the motion to dismiss count six on the
grounds of insufficient particularity, the court does not reach
the questions of privity, notice, or whether or not the
Repairwear products fulfilled their ordinary or particular
purposes.

14

cause of action under a denial-of-the-benefit-of-the-bargain

theory of unjust enrichment."

The court concludes that the complaint does not plead a

claim of unjust enrichment with adequate particularity.

"A party setting forth an unjust enrichment claim [must]

state the fraudulent acts underlying the unjust enrichment claim

with the 'particularity' required by Rule 9(b)."  Crete v.

Resort Condos. Int'l, LLC, No. 09-5665, 2011 WL 666039, at *5

(D.N.J. Feb. 14, 2011).  See Nieto v. Perdue Farms, Inc., No.

08-07399, 2010 WL 1031691, at *5 (N.D. Ill. Mar. 17, 2010)

(finding that an unjust enrichment claim sounding in fraud did

not meet the Rule 9(b) pleading standard).

In this case, the unjust enrichment claim is based on

Clinique's alleged fraudulent misrepresentations with respect to

the efficacy of its Repairwear Products.  Therefore, those

fraudulent averments must comply with Rule 9(b).

Because the court previously concluded that the complaint

did not satisfy Rule 9(b)'s heightened pleading standard, the

motion to dismiss count seven is GRANTED.

## VI.  **Prejudice**

Finally, Clinique argues that: "given the factual

circumstances and procedural posture," the plaintiffs' failure

"to properly plead their claims . . . warrants dismissal with

prejudice."  Specifically, it argues that: the plaintiffs "had

15

previously filed three complaints in connection with this dispute" and therefore, "should not be afforded yet another 'bite at the apple.'"

The plaintiffs respond that: "there is simply no basis for dismissal with prejudice at this juncture" because "the sufficiency of the allegations has never been adjudicated." Specifically, they argue that: Clinique's "arguments are simply a regurgitation of their prior points about [the plaintiffs'] purported failure to provide sufficient facts to support their claims, which . . . fails upon a review of the actual allegations" in the complaint.

The court concludes that a dismissal with prejudice is warranted in this case.

Given that this is the fourth complaint filed in connection with this dispute,[9] it is unlikely that another opportunity to amend will result in a well-pleaded complaint.  Further, the missing information that would cure the current complaint's deficiencies is within the exclusive knowledge of the plaintiffs, including which representations upon which they relied and what their experiences were with the products.  If those facts exist, they are available to the plaintiffs and should have been included in at least one of the four

---

[9]  See Mem. Supp. Def.'s Mot. Dismiss, app. A.

16

complaints.  Therefore, the court concludes that the motion to dismiss should be granted with prejudice.

## CONCLUSION

For the foregoing reasons, the motion to dismiss counts one through seven (document no. 48) is GRANTED.  The clerk is directed to enter a judgment in favor of the defendants and close this case.

It is so ordered, this 19th day of November, 2013, at Hartford, Connecticut.

```
_____/  s  /_____
Alfred V. Covello,
United States District Judge
```

17